Dear Mr. Clement,
You have requested an opinion of the attorney general regarding whether a proposed cooperative endeavor agreement between the Plaquemines Parish Government (the "PPG") and the Plaquemines Parish School Board (the "PPSB") is in compliance with La.Const. art. VII, Sec. 14.
According to your request, the Port Sulpher Library was completely ruined by Hurricane Katrina. The PPG and PPSB would like to enter into a cooperative endeavor agreement to rebuild the library. According to the cooperative endeavor agreement enclosed with your opinion request, the PPSB will donate a parcel of land to the PPG. The PPG will then construct and maintain a public library/resource center on that piece of property. The PPG will bear the entire cost of construction and will also be responsible for the upkeep of the library after it has been built. The PPSB will be given priority use of the public library/resource center, including use of media and conference rooms for use by the faculty and students of the Plaquemines Parish public school system.
Cooperative endeavor agreements are authorized by La.Const. art. VII, Sec. 14(C), which provides:
 For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Section (C) merely supplements the prohibition against gratuitous donations contained in section (A) of La.Const. art. VII, Sec. 14. It does not create an *Page 2 
exception or exemption from the general constitutional norm. Therefore, even though the expenditure of public funds and transfer of public property is being done pursuant to a cooperative endeavor agreement, the expenditure still must be examined in light of La.Const. art. VII, § 14(A), which provides, in pertinent part, as follows
 Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . .
In Board of Directors of the Industrial Development Board of the City ofGonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens ofthe City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11 (the"Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis in City of Port Allen. v. Louisiana Mun. Risk Mgmt. Agency,Inc., 439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's, 938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. The Cabela's standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds.
The proposed cooperative endeavor agreement between the PPG and the PPSB does not appear to violate La.Const. art. VII, Sec. 14(A). Both entities are authorized to enter into cooperative endeavor agreements for a public purpose by La.Const. art. VII, Sec. 14(C). In this case, we believe that providing a library for school children and the general public to use does serve a public purpose. We also do not believe that either party to the cooperative endeavor agreement is making a gratuitous donation of public property. Both parties are undertaking reciprocal obligations in this cooperative endeavor agreement. The PPG is receiving a tract of land from the PPSB and is obligating itself to construct and maintain a library for the benefit of the faculty and students of the Plaquemines Parish public school system as well as for the public. The PPSB, on the other hand, is donating a parcel of land, and is receiving in exchange priority use of the *Page 3 
library for faculty and students. The PPSB is also receiving the benefit of not being responsible for future upkeep, repairs, and liability for the library.
Accordingly, it is the opinion of this office that the proposed cooperative endeavor agreement between the PPG and the PPSB is permissible under La.Const. art. VII, Sec. 14(A) and (C).[1]
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 BY: __________________________
 Lindsey K. Hunter
 Assistant Attorney General
 JDC/LKH/crt
[1] Although the cooperative endeavor agreement enclosed with your opinion request cited La.Const. art. VII, Sec. 14(C) as authority to construct the library, we note that La.R.S. 33:1324 provides additional authority for "[a]ny parish, municipality or political subdivision of the state" to join together "in the construction, acquisition, or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement, and such agreements may include but are not limited to activities concerning: (5) Recreational and educational facilities, such as playgrounds, recreation centers, parks and libraries."